UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER HARRIS II,   CIVIL ACTION NO. 1:16-cv-10755

    *Plaintiff*,   DISTRICT JUDGE THOMAS L. LUDINGTON
v.   MAGISTRATE JUDGE PATRICIA T. MORRIS

STEVE MALEK,

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR RELIEF (Doc. 15), MOTION FOR EMERGENCY
RELIEF FROM CUSTODY (Doc. 16), MOTION TO GRANT RELIEF (Doc. 18),
MOTION FOR DECLARATORY INJUNCTIVE RELIEF (Doc. 24)
MOTION FOR A MEDIATION HEARING (Doc. 25),
AND MOTION FOR SUMMARY JUDGMENT, (Doc. 26) and on DEFENDANT'S
MOTION TO DISMISS (Doc. 32)**

## I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 32) be **GRANTED** and that Plaintiff's various motions (Docs. 15, 16, 18, 24, 25, 26) be **DENIED** as moot.

## II. REPORT

### A. Background

Plaintiff Christopher Marlin Harris II ("Plaintiff") is incarcerated at the Macomb County Jail, and on March 1, 2016, he filed this lawsuit, *in forma pauperis* (IFP), against Defendant Steve Malek, Chaplain of the Macomb County Jail ("Defendant") alleging various violations of his religious rights, such as being denied dietary restrictions. (Doc.

1

1). Plaintiff's complaint seeks the following relief: "That the Courts order Chaplain Services to be able to accommodate other religions other than Christianity and Catholicism and that Chaplain Steve Malek be Court Ordered to remain compliant with leaders of other faiths but especially a Hebrew/Judaic Minister Rabbi Ormerent" and "Order Chaplain Steve Malek to take measures to ensure my receipt of a Hebrewic/Judaic or Kosher meal immediately." (Doc. 1 at ID4). Plaintiff also requests that a "lien be placed on all of the assets of Steve Malek and that he pay…$75,000[.]" (*Id.*). Defendant Malek's *pro se* answer to the complaint asserts that Plaintiff's "request for a special religious diet could not be granted due to Christopher Harris not being able, or willing, to follow jail policy" because he did not "provide a written statement [from a religious authority] attesting to Mr. Harris being in good standing with the church or needing a special diet[.]"

Defendant has filed the instant motion to dismiss (Doc. 32) and although Plaintiff was ordered to respond by January 25, 2017, no response has been filed as of the date of this Report and Recommendation. Plaintiff has filed six motions: (1) a motion for relief filed June 2, 2016, (Doc. 15); (2) a motion for emergency relief from custody filed June 2, 2016, (Doc. 16); (3) a motion to grant relief on June 14, 2016, (Doc. 18); (4) a motion for declaratory injunctive relief filed August 23, 2016, (Doc. 24); (5) a motion for mediation hearing filed August 23, 2016, (Doc. 25); and (6) a motion for punitive and compensatory damages and summary judgment filed August 23, 2016, (Doc. 26).[1]

---

[1] In the course of citing Plaintiff's language, I correct all capitalization and other grammatical changes necessary for understanding and readability. I have also done my best to summarize the contents of each motion, but at times they venture into the incomprehensible.

**B.     Defendant's Motion To Dismiss (Doc. 32)**

    **1.     Standards**

A motion to dismiss brought under Rule 12(b)(1) challenges the court's subject matter jurisdiction to hear the case. Where a defendant makes a facial attack on the subject matter jurisdiction alleged in a complaint, "a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). This is in contrast to a factual attack on subject matter jurisdiction, wherein the "district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id*.

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items

4

appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

To bring a claim under § 1983 a plaintiff must allege: "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Id.* In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). "Each defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

**2.     Analysis**

Defendant's motion to dismiss argues that since he is a civilian volunteer chaplain and not a county employee at the Macomb County Jail (MCJ), he is not a state actor. (Doc. 32 at ID 118-20). In addition, Defendant argues that "he is neither a policy making authority, nor an administrative official responsible for implementation and application of Jail practices and procedures" including those having to do with accommodating religious requests, e.g., requests for kosher food. (Doc. 32 at ID 120). Defendant also argues that Plaintiff's complaint contains only conclusory allegations that are insufficient under current federal rules and case law. (Doc. 32 at ID 120-25). Defendant points out that Plaintiff's complaint "is devoid of any manner of particularized factually grounded allegations detailing what role, if any, Malek played in the asserted deprivations." (Doc. 32 at ID 123). Defendant notes that his name appears only "in its prayer for relief" and that its "conclusory allegations fail to tether Malek to any particularized facts implicating Malek as a participant in the alleged rights deprivation[.]" (Doc. 32 at ID 123-24).

Even though Defendant is a civilian volunteer chaplain, he may still be considered a state actor. *Phelps v. Dunn*, 965 F.2d 93, 102 (6th Cir. 1992) ("A volunteer chaplain functions as part of and within institutional structures of chapel command" and "is distinguished from guests and visitors by being given privileges granted only to [prison] employees"); *Cf., Florer v. Congregation Pidyon Shevuyn, N.A.*, 639 F.3d 916, 926 (9th Cir. 2011)(refusing to follow *Phelps* and holding that even where chaplain entered into contract to provide religious guidance to inmates, chaplain is not a state actor).

However, the Complaint must also state facts sufficient to show that Plaintiff's specific injury was the result of the conduct of Defendant Malek and it must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo; Binay, supra.* In the instant complaint, there is no link established between the alleged violations of Plaintiff's religious rights, such as being denied dietary restrictions, and any action taken by Defendant Malek. (Doc. 1). As noted by Defendant, Defendant Malek's name is not even mentioned until the prayer for relief. (Doc. 1 at ID 4). This is insufficient to state a claim under §1983. In addition, there is no allegation of any process whereby Defendant Malek possesses the power to take action on behalf of any prisoner or correct any deficiencies suffered by any prisoner. Under these circumstances, Plaintiff has failed to set forth a viable claim against Defendant Malek. *McClain v. Lake County, Ohio,* 97 F.3d 1452 (6th Cir. 1996) (citing *Phelps* and finding chaplain could not be liable under §1983 where he lacked such authority).

Accordingly, I recommend that Defendant's motion to dismiss be granted and in turn, that Plaintiff's motion for summary judgment, (Doc. 26) and motion for a mediation hearing, (Doc. 25), be denied as moot. I further recommend that Plaintiff's remaining motions (Docs. 15, 16, 18, 24) be denied as moot.

**C.     Alternative Analysis: Plaintiff's Unrelated Motions (Docs. 15, 16, 18, 24) Violate the Federal Rules of Procedure and the Prison Litigation Reform Act**

Alternatively, even if the Court disagrees with the recommended dismissal, Plaintiff's unrelated motions should be denied.

7

In accordance with Federal Rule of Civil Procedure 20, it is axiomatic that a plaintiff may only join defendants "in one action" if she seeks relief "against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) ("[A] civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.").

Several of Plaintiff's motions—in particular, his June 2, 2016 motions for relief, (Doc. 15), and emergency relief, (Doc. 16), his June 14, 2016 motion to grant relief, (Doc. 18), and his August 23, 2016 motion for declaratory injunctive relief, (Doc. 24)—never mention Defendant, and do not seriously discuss any religious rights. Rather, they concern an alleged assault of "May 3rd[, 2016]" when "Deputy Officers Zaliwski, Medlow, Marsky, Cooney, Mada J Montgomery and Sergeant Stanley . . . did in truth and in fact punch, kick, stomp and beat about the face, head, and body of the plaintiff Christopher Marlin Harris II as well as being tazered [sic] multiple times whilst still restrained by handcuffs . . . ." (Doc. 15); (Doc. 16) ("[O]n May 3rd 2016 I was handcuffed at my back taken to holding cell 9 slammed to the color punched kicked and beaten about the face head and body by multiple deputies and tazered [sic] multiple times all while on my stomach . . . ."); (Doc. 18) (reiterating these allegations and suggesting that "the circumstance of my

confinement are dangerously dire and life threatening"); (Doc. 24) (seeking discovery from individuals described in these previous motions, but not Defendant).

Plaintiff can make no reasonable argument that the contents of these motions are linked to the same transaction or occurrence as the Complaint. Moreover, this Court simply cannot entertain the allegations presented via these motions, or permit incorporation of these allegations in the Complaint via a Federal Rule of Civil Procedure 15 amendment—without running afoul of (at a minimum) the Federal Rules of Civil Procedure and the Prison Litigation Reform Act ("PLRA"). *Cf., e.g.*, *Hilton v. Pickell*, No. 2:16-10771, 2016 WL 1165433, at *2 (E.D. Mich. Mar. 25, 2016) ("Plaintiff's attempt to join together a number of unrelated claims and defendants into one action would thwart the purpose of the Prison Litigation Reform Act . . . which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts."); *Green v. Callahan*, No. 2:14-CV-11453, 2014 WL 1652335, at *3 (E.D. Mich. Apr. 23, 2014) ("To allow plaintiff to proceed with these improperly joined claims and defendants in a single action would permit him to circumvent the PLRA's filing fee provision and allow him to avoid having to incur a 'strike,' for purposes of § 1915(g), should any of his claims turn out to be frivolous.").

For these reasons, I recommend the aforementioned motions be denied.

**D. Conclusion**

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 32) be **GRANTED** and that Plaintiff's various Motions (Docs. 15, 16, 18, 24, 25, 26) be **DENIED**.

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 8, 2017                    S/ PATRICIA T. MORRIS
                                          Patricia T. Morris
                                          United States Magistrate Judge

## CERTIFICATION

     I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent to Christopher Harris, II #150427 at Macomb County Jail, P.O. Box 2308, Mt. Clemens, MI 48043 and Steve Malek at P.O. Box 863, Sterling Heights, MI 48311.

Date: February 8, 2017                    By s/Kristen Castaneda
                                          Case Manager